PONDER, Judge.
Upon application of Job Finders, Inc., we issued an alternative writ ordering the trial judge to reverse a ruling sustaining plaintiff’s exception of improper cumulation of actions or, in the alternative, for the trial judge or the respondent to show cause why the writ should not be made peremptory. The respondent has filed a brief. The trial judge has advised that he will not.
We make the writ peremptory.
Job Finders, Inc. allegedly rendered services to Gulf Enterprises, Inc. for which it was due $6000.00. Because of cash flow problems Gulf could not pay the fee but agreed through its chief executive officer to allow the trade out of the bill. Mrs. H.E. Moore, Jr., president and principal stockholder of Job Finders, Inc., allowed Gulf Enterprises, Inc. to place carpet and wall covering in her home. Gulf Enterprises, Inc. sued Mrs. Moore on open account for the carpet and wall covering. Job Finders, Inc. attempted to intervene. Gulf Enterprises filed an exception of improper cumulation which was sustained.
Job Finders contends that Gulf Enterprises agreed to provide the merchandise and services to Mrs. Moore as partial satisfaction of the indebtedness due to Job Finders. If that be true, which is a matter of proof at trial, Gulf Enterprises should not be allowed to evade its liabilities under both the original obligation to pay for services rendered to it and the agreement to allow trade out of part of the first obligation by requiring Mrs. Moore to pay for the material and services. Evidently there is an understanding between Job Finders and Mrs. Moore since they are asserting a trade out and compensation not an indebtedness of Gulf Enterprises for the original full amount.[1]
Under these circumstances, we find that Job Finders has a justiciable right related *756 to and connected to the object of the pending suit and therefore should be allowed to intervene.
This result has the effect of promoting efficiency of judicial administration and reducing multiplicity of suits. It may even promote justice. Certainly, we find no prejudice to Gulf Enterprises in requiring it to litigate all issues in one proceeding.
For these reasons, we make the writ peremptory and order the trial court to reverse its ruling of September 7, 1983, sustaining plaintiff’s exception of improper cumulation of actions and dismissing Job Finders’ intervention and to enter a ruling denying the said exception.
WRIT MADE PEREMPTORY.

. We need not inquire at this time whether there is a stipulation pour autri, an assignment between Job Finders, Inc., and Mrs. Moore or some other legal condition that would allow recovery. That can be developed at trial on the merits. It is sufficient now to find a justiciable right related to and connected to the object of the pending suit. LSA-C.C.P. art. 1091.